J-S12008-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SHANE G. SPEROW | : | |
| | : | |
| Appellant | : | No. 1619 MDA 2018 |

Appeal from the PCRA Order Entered September 5, 2018
In the Court of Common Pleas of Berks County Criminal Division at
No(s): CP-06-CR-0002256-2016

BEFORE: BOWES, J., DUBOW, J., and MUSMANNO, J.

MEMORANDUM BY BOWES, J.:                                    **FILED JULY 17, 2019**

Shane G. Sperow appeals *pro se* from the order that dismissed his

petition filed pursuant to the Post Conviction Relief Act ("PCRA"), after the

PCRA court permitted his court-appointed counsel to withdraw pursuant to

**Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth**

**v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*). We vacate the order

and remand with instructions.

Appellant was charged with unsworn falsification to authorities, based

upon a document supplied at a sentencing hearing held on February 8, 2016,

in connection with two other cases. After counsel entered an appearance,

Appellant filed a *pro se* motion to dismiss, claiming therein that the

Commonwealth lacked the evidence to establish that Appellant committed the

crime, and complaining about statements the District Attorney made

concerning the case to the news media. Motion to Dismiss, 9/26/13, at

unnumbered 2. Appellant's *pro se* motion was filed, docketed, and forwarded to counsel pursuant to Pa.R.Crim.P. 576(A)(4), after which the trial court dismissed the motion by order of October 4, 2016, citing **Commonwealth v. Ellis**, 626 A.2d 1137 (Pa. 1993) (providing that hybrid representation is not permitted).

On October 25, 2016, Appellant entered a guilty plea. During the guilty plea hearing Appellant admitted that he supplied at the prior sentencing hearing a document claiming that he had been deployed as a United States Marine in Iraq, Afghanistan, Somolia, and other locations, and had been awarded two Purple Hearts and a Bronze Star as a result of his heroic service, when he in fact had never served in the Marines. N.T. Guilty Plea and Sentencing, 10/25/16, at 6-7. The trial court accepted the plea, but expressed its surprise at Appellant's decision to accept responsibility, given that it "on at least a weekly basis received some *pro se* pleading from [Appellant] asking that this case be dismissed." **Id**. at 11. The trial court sentenced Appellant to three to twenty-four months of incarceration, to run consecutive to a sentence that he was serving in one of his other cases. Appellant filed no post-sentence motion or direct appeal.

On January 12, 2017, Appellant filed a timely *pro se* PCRA petition claiming ineffective assistance of plea counsel. While Appellant did not identify particularly what plea counsel should have done differently, Appellant detailed facts that suggest that he does not believe that he committed the crime in

question. *See* PCRA Petition, 1/12/17, at 4 (stating that Appellant did not personally testify or submit any document regarding military service or medals, that the document counsel submitted was not verified or authenticated, and that he did not receive a favorable sentence as a result of the information supplied at his sentencing hearing).

By order of January 19, 2017, the PCRA court appointed Lara Hoffert, Esquire, to represent Appellant, and instructed her to file either an amended petition or *Turner/Finley* letter within twenty-one days. Attorney Hoffert thereafter requested eight sixty-day extensions of time to comply. The PCRA court granted such extensions in February, May, July, September, and November of 2017, and in January, April, and June of 2018. In the meantime, Appellant submitted various *pro se* documents to the court, including a motion for time credit. The PCRA court again informed Appellant that, as he was represented by counsel, all requests for relief were required to be submitted by counsel.[1] Order, 2/13/17 (citing *Ellis*, *supra*).

On August 17, 2018, Attorney Hoffert filed a *Turner/Finley* letter and request to withdraw as counsel. Therein, Attorney Hoffert indicated that she "reviewed the entire official file" and communicated with Appellant about his petition. She further indicated that

---

[1] Failure to award the proper credit for time served implicates the legality of sentence, and is thus cognizable under the PCRA. *Commonwealth v. Beck*, 848 A.2d 987, 989 (Pa.Super. 2004).

Through correspondence with counsel and by way of [Appellant's] *pro se* PCRA petition, [Appellant] raises the following issue:

> 1. [Plea counsel] was ineffective for encouraging [Appellant] to enter a guilty plea and not present a defense even when [Appellant] had informed [plea counsel] that it had been Attorney [John] Elder, [Appellant's counsel at sentencing in the other cases,] not [Appellant], who had provided the court with the document containing false information regarding [Appellant's] military service.

*Turner/Finley* Letter, 8/20/18, at 2 (unnecessary capitalization omitted). Attorney Hoffert noted that, at the plea hearing, Appellant "specifically admitted that although Attorney Elder had physically handed the [c]ourt the document in question, [Appellant] had himself prepared the document and knew that it contained nothing but false information regarding [Appellant's] purported military career." *Id*. at 3 (citing N.T. Guilty Plea and Sentencing, 10/25/16, at 6-7). Attorney Hoffert also observed that, at the time of the plea, Appellant "addressed the [c]ourt, admitted to the mistake and apologized for not correcting it sooner." *Id*. at 4. Attorney Hoffert thus concluded that the record established that Appellant's plea was knowing, intelligent, and voluntary "regardless of [Appellant's] current assertion that counsel wrongfully encouraged him to enter a plea[.]" *Id*.

Of note, Attorney Hoffert did not address in her *Turner/Finley* letter the issues raised in the *pro se* motion to dismiss that Appellant filed prior to the entry of his guilty plea, nor the time-credit issue raised in the *pro se* motion filed while she represented Appellant. Nonetheless, the PCRA court

allowed Attorney Hoffert to withdraw, and issued notice of its intent to dismiss Appellant's petition without a hearing pursuant to Pa.R.Crim.P. 907.

Appellant filed a timely *pro se* response to the Rule 907 notice in which he claimed that Attorney Hoffert rendered ineffective assistance of counsel. Appellant contended that Attorney Hoffert addressed only one issue in her **Turner/Finley** letter, "and omitted researching all [six] issues that [Appellant] has repeatedly raised to [Attorney] Hoffert, the most recent was sent by [Appellant] on June 18, 2018, as to his reason(s) [for] seeking relief." Objection to Rule 907 Notice, 8/31/18, at 2. Specifically, Appellant maintained that Attorney Hoffert failed to address the following claims:

1) [Plea counsel] neglected his duty to review [Appellant's] requests and motions to the Berks County Court prior to any guilty plea.

2) There was no factual basis for [Appellant] to plead when evidence supported that it was [plea counsel], not [Appellant] whom [*sic*] performed and/or presented the document which resulted in [the] criminal charges *sub judice*.

3) [Plea counsel] failed to request a change of venue which was warranted due to sensationalized news coverage.

4) [Plea counsel] failed to request authentification [*sic*] of document which was basis of charge.

5) [Plea counsel] failed to challenge the arrest warrant for [Appellant] filed on April 17, 2016, by Berks Detective Ritter which states, "[*Appellant*] *did make a written false statement*," when no authentification [*sic*] of the document was ever performed.

- 5 -

*Id*. at 2-3. To remedy the alleged ineffectiveness of Attorney Hoffert, Appellant requested the appointment of PCRA counsel "to fully and properly prosecute his PCRA petition." *Id*. at 3.

The PCRA court concluded that Appellant would not be entitled to PCRA relief even if the facts alleged in connection with his new claims were true. Order, 9/5/18. Accordingly, by order of September 5, 2018, it dismissed the petition without a hearing.

On September 13, 2018, apparently before he was aware that his petition in the instant case was dismissed, Appellant sent to the PCRA court a letter concerning Attorney Hoffer's representation. Request for New PCRA Counsel, 9/13/18. Therein, he noted that Attorney Hoffert was appointed as his PCRA counsel to litigate petitions filed in four separate cases, and that he had written to her regarding one case or another on approximately twenty-four occasions, but he had never once received an answer from her. *Id*. Appellant indicated that he was "desperately in need of the [c]ourt's intervention" and asked that the court assign him new counsel. *Id*.

Before the PCRA court took any action upon Appellant's request, he filed a timely notice of appeal from the order dismissing the PCRA petition. The PCRA court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Appellant timely complied.

Appellant presents the following questions to this Court:

A) Whether the Appellant was prejudiced by plea counsel's deficient performance:

(1) in advising and coercing the Appellant to accept the Commonwealth's open plea offer and forego [*sic*] a trial, even though evidence existed that would have probably caused a result that would have been different?

(2) in advising and coercing the Appellant to accept the Commonwealth's open plea offer and promising the Appellant that he would be pleading to a lesser sentence with no probation violations which was not the result of his sentencing?

B) Whether the construction of the PCRA counsel's *Finley* letter was defective?

Appellant's brief at 5.

We begin with the legal principles applicable to our review. "Our standard of review for issues arising from the denial of PCRA relief is well-settled. We must determine whether the PCRA court's ruling is supported by the record and free of legal error." **Commonwealth v. Johnson**, 179 A.3d 1153, 1156 (Pa.Super. 2018) (internal quotation marks omitted). Further, "[i]t is an appellant's burden to persuade us that the PCRA court erred and that relief is due." **Commonwealth v. Miner**, 44 A.3d 684, 688 (Pa.Super. 2012).

Appellant's claims relate to allegations that both his plea and PCRA counsel rendered ineffective assistance.[2] Counsel is presumed to be effective,

---

[2] Appellant preserved his claims of PCRA counsel's ineffectiveness by raising them in his response to the PCRA court's Rule 907 notice. **See Commonwealth v. Pitts**, 981 A.2d 875, 880 n.4 (Pa. 2009).

- 7 -

and a PCRA petitioner bears the burden of proving otherwise. **_Commonwealth v. Becker_**, 192 A.3d 106, 112 (Pa.Super. 2018). To do so, the petitioner must plead and prove (1) the legal claim underlying his ineffectiveness claim has arguable merit; (2) counsel's decision to act (or not) lacked a reasonable basis designed to effectuate the petitioner's interests; and (3) prejudice resulted. **_Id_**. The failure to establish any prong is fatal to the claim. **_Id_**. at 113.

"Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused appellant to enter an involuntary or unknowing plea." **_Commonwealth v. Fears_**, 86 A.3d 795, 806-07 (Pa. 2014). "Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." **_Commonwealth v. Pier_**, 182 A.3d 476, 479 (Pa.Super. 2018) (citation and internal quotation marks omitted). "[T]o establish prejudice, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." **_Id_**. (citation and internal quotation marks omitted).

With his first issue, Appellant challenges the propriety of the PCRA court's determination that the issue raised in his PCRA petition was meritless. He states two separate arguments in support of his claim: (1) that counsel was ineffective in advising him to take the plea when the evidence did not

- 8 -

establish his guilt; and (2) that counsel induced him to plead guilty based upon promises as to the sentences he would receive. Appellant's brief at 5, 16-17. The second argument was not raised in the PCRA court, in either the PCRA petition or Appellant's response to the court's Rule 907 notice. Nor was it included in Appellant's Rule 1925(b) statement. Accordingly, it is waived for purposes of this appeal. **See** Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").

Regarding Appellant's contention that counsel was ineffective in advising him to enter a guilty plea, Attorney Hoffert posited, and the PCRA court agreed, that the argument was unavailing because Appellant admitted at the guilty plea hearing that he was the person who wrote the document that contained the fabricated military service history. **See Turner/Finley** Letter, 8/20/18, at 3-4; Notice of Intent to Dismiss, 8/20/18, at 2-3. However, this analysis misses the point.

Appellant's contention is that competent plea counsel would have known that the Commonwealth lacked sufficient evidence to prove that Appellant committed the crime in question, and thus would not have advised him to plead guilty in the first place. Such a claim is not foreclosed by his admission of guilt occurring after counsel's alleged ineffectiveness. **Accord Commonwealth v. Bedell**, 954 A.2d 1209, 1213 (Pa.Super. 2008) (examining merits of claim that counsel's ineffectiveness induced involuntary plea because the Commonwealth's factual basis for the plea did not establish

all elements of the crime).  Therefore, the PCRA court erred in dismissing Appellant's claim on the basis of his admissions at the plea colloquy.

In his *pro se* appeal, Appellant does not offer argument supported by authority to establish that counsel's "advice to accept the plea was not within the range of constitutionally competent advice." ***Commonwealth v. Johnson***, 179 A.3d 1153, 1160 (Pa.Super. 2018).  While this typically would result in the denial of relief from this Court, ***see id.***, we decline to do so on the record before us, as Appellant is entitled to the assistance of counsel in presenting his PCRA issues.

> Pennsylvania courts have recognized expressly that every post-conviction litigant is entitled to at least one meaningful opportunity to have issues reviewed, at least in the context of an ineffectiveness claim.  This Court has admonished, accordingly, that the point in time at which a trial court may determine that a PCRA petitioner's claims are frivolous or meritless is after the petitioner has been afforded a full and fair opportunity to present those claims.  Our Supreme Court has recognized that such an opportunity is best assured where the petitioner is provided representation by competent **counsel whose ability to frame the issues in a legally meaningful fashion insures the trial court that all relevant considerations will be brought to its attention**.

***Commonwealth v. Karanicolas***, 836 A.2d 940, 945 (Pa.Super. 2003) (cleaned up) (emphasis added).

Rather than frame the issue stated in the PCRA petition properly, Attorney Hoffert applied the incorrect analysis rejected above.  Further, Appellant contends that Attorney Hoffert failed to raise five additional issues he wished the court to consider.  Indeed, he informed the PCRA court in

response to the Rule 907 notice that he corresponded with Attorney Hoffert about five claims that she did not address in her *Turner*/*Finley* letter. *See* Objection to Rule 907 Notice, 8/31/18, at 1-3. On appeal, he argues that the PCRA court erred in dismissing his petition given Attorney Hoffet's lack of compliance with *Turner* and *Finley*.[3] Appellant's brief at 20-21.

It is well-settled that, after zealous, diligent review of the case, PCRA counsel seeking to withdraw must detail each of "the issues which petitioner wants to have reviewed" and explain "why and how those issues lack merit[.]" *Commonwealth v. Muzzy*, 141 A.3d 509, 511 (Pa.Super. 2016) (quoting *Commonwealth v. Wrecks*, 931 A.2d 717, 721 (Pa.Super. 2007)). It does not appear from the record that Attorney Hoffert did so in this case.[4]

The fact that the PCRA court itself rejected Appellant's additional claims on their merits[5] does not suffice: "Even where a *pro se* first PCRA petition appears on its face to be meritless, the defendant is entitled to representation

---

[3] *Cf. Commonwealth v. Pitts*, 981 A.2d 875, 880 (Pa. 2009) (holding this Court erred in reviewing the adequacy of counsel's *Turner*/*Finley* letter when neither party raised the issue).

[4] Given our review of the records in Appellant's *pro se* appeal from three different cases at 1751 MDA 2018, we sympathize with the difficulty of the task Attorney Hoffert was required to undertake, given her simultaneous handling of four separate yet intermingled cases involving Appellant as well as his proclivity for *pro se* filings while he is represented by counsel.

[5] *See* PCRA Court Opinion, 10/16/18, at unnumbered 3.

by counsel before that determination is made." ***Commonwealth v. Kelsey***,

206 A.3d 1135, 1140 (Pa.Super. 2019).

As we explained in ***Kelsey***,

[b]ecause Appellant did not waive his right to representation by counsel and PCRA counsel neither represented Appellant on the merits of the PCRA petition nor filed a sufficient no-merit letter that addressed all of Appellant's claims, the PCRA court's dismissal of Appellant's PCRA petition must be vacated and remand to the PCRA court for appointment of new PCRA counsel is required. On remand, Appellant's new counsel shall be permitted to file an amended PCRA petition or, if counsel concludes in the exercise of his or her professional judgment that the issues raised in the PCRA proceeding are without merit, counsel may file an adequate no-merit letter that addresses all of the issues raised in Appellant's PCRA petition and move to withdraw.

***Id***. (citations omitted). These principles apply in the present case.

Order vacated. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 07/17/2019

- 12 -